# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RICHARD MILLER, et al.         :

                             :    Civil Action No. 16-2744 (PGS)(DEA)

          Plaintiffs,       :

                             :

           v.              :           **OPINION**

                             :

DAVID RODRIGUEZ, et al.      :

                             :

          Defendants.     :

                             :

ARPERT, Magistrate Judge.

This matter comes before the Court on a motion for sanctions by non-parties William Krause, Ellen Barag, and HiReli LLC (collectively, the "Third Parties"). The Third Parties move pursuant to Federal Rule of Civil Procedure 37(a)(5)(B) and "the Court's inherent powers" for an award of attorneys' fees and costs incurred in responding to a motion by Defendants to compel compliance with two subpoenas. On August 18, 2017, the Court conducted a hearing that was originally scheduled to address both the motion to compel and the motion for sanctions. However, at the hearing the parties advised the Court that they had resolved the issues underlying the motion to compel, and that motion was withdrawn. For the reasons below, the Third Parties' motion for sanctions is denied.

## I.  BACKGROUND

In February 2017, Defendants' counsel engaged a process server, Guaranteed Subpoena, to serve a deposition and document subpoena directed to HiReli LLC ("HiReli") on Mr. Krause at his home in Blue Bell, Pennsylvania. Tr. 67:16 to 68:1.[1] After receiving the subpoena (the "February subpoena"), Mr. Krause emailed Defendants' counsel to advise that "[t]he subpoena

---

[1] The abbreviation "Tr." refers to the transcript of the August 17, 2017 motion hearing.

received appeared to be a copy of a single cover page" that referenced, but did not include, an "Attachment A." ECF No. 22-1 at Ex. A. In that email, Mr. Krause stated that he assumed that the reference to "Attachment A" was boilerplate so he was taking no action other than to "hold[] the date" for the deposition. *Id.*

Defense counsel responded to Mr. Krause and, while noting that the process server's affidavit stated that both the subpoena and attachment had been served, emailed Mr. Krause and HiReli's counsel a copy of both the subpoena and the attachment. *Id.* Ex. B. After receiving a copy of the attachment, Mr. Krause emailed defense counsel requesting a three-month extension of time to respond because the documentation requested was "extensive". *Id.* at Ex. C. Defense counsel and HiReli's counsel then conferred regarding a new return date. Defense counsel was agreeable to a two-week extension, but it does not appear that agreement on a firm date was ever reached. *See id.* at Exs. D-E.

Two weeks later, having received no response to the original subpoena, Defendants' counsel engaged a second process server, DRG Legal, to re-serve the subpoena on Mr. Krause/HiReli. Tr. 69:17-18. Defendants also directed DRG Legal to serve a deposition subpoena on Ms. Barag at the same address. Ms. Barag is Mr. Krause's wife and an officer of a corporation with a relationship to HiReli. After delivery of the subpoenas (the "March subpoenas"), DRG Legal provided Defendants' counsel with an affidavit attesting that service was effected on both individuals on March 24, 2017. Tr. 70:15-16.

On April 4, 2017, defense counsel and counsel for the Third Parties communicated by phone regarding the subpoenas. Tr. 71:1-9; ECF No. 21-10 ¶ 5. At that time, counsel for the Third Parties advised defense counsel that due to a family funeral, Mr. Krause would be unable to attend his deposition, which was noticed for April 7, 2017. Defense counsel was agreeable to

choosing a new date. On April 5, 2017, counsel for the Third Parties emailed defense counsel

proposing to produce Mr. Krause for his deposition on May 2, 2017, but only if certain

"conditions" were met. ECF No. 21-11. These conditions were that Defendants would depose

only Mr. Krause (and not Ms. Barag) and that the Third Parties would produce documents

responsive to only three of Defendants' ten document requests. Counsel for the Third Parties

characterized this "offer" as "an effort to reach a productive compromise on [the] subpoenas,"

and stated the "reasoning" for this offer was that (1) "Bill's and Ellen's knowledge is largely

duplicative"; (2) the "other topics" in the document request "are all materials in the possession of

the parties [to the underlying litigation]" and have presumably been already subject to discovery

in the course of the litigation; and (3) "it would be highly burdensome for [the Third Parties] to

produce such materials." *Id.* In an April 6, 2017 email rejecting this proposal, defense counsel

stated that Defendants could not rely simply on a bare statement that Ms. Barag's and Mr.

Krause's testimony would be duplicative and that, while there might be some overlap in

document discovery, Defendants believed that HiReli was in possession of materials not in

possession of any party. ECF No. 19-2 Ex. D. Defendants further stated that it was "not a

compromise" for Ms. Barag "not to appear pursuant to a validly served subpoena." *Id.*

After further email exchanges the next day confirming that Defendants would not agree

to the Third Parties' "compromise" regarding the subpoenas, counsel for the Third Parties asked

defense counsel to send proof of service for the subpoenas. ECF No. 19-2 Ex. D. On April 7th,

counsel for the Third Parties emailed defense counsel with "responses/objections to the

subpoenas … purportedly served by Defendants on Ms. Barag and Mr. Krause." ECF No. 19-2

Ex. E. The first of several objections was "lack of or improper service." Tr. 76:25 to 77:6.

On April 11, 2017, Defendants' counsel responded to the objections by letter and

provided the Third Parties with declarations from the process server attesting to service. Counsel for the Third Parties responded by email on April 12th and stated that as long as Defendants continued to "refuse to negotiate … a solution by which [Defendants] could conduct reasonable discovery of [the Third Parties], the Third Parties would continue "to stand by their objections and defenses to [the] subpoenas." ECF 21-13. In particular, counsel's email asserted that "there has been nothing close to actual and proper service here," and further alleged that Defendants' process server provided a "demonstrably false proof of service" because Ms. Barag and Mr. Krause were at their second home in Delaware at the time personal service was allegedly effected in Pennsylvania. *Id.* According to Ms. Barag, they received the subpoenas when they returned home from Delaware on March 28, 2017, finding them "sitting in a mail pile … brought in from [the] mailbox." Tr. 44:19-21.

Defense counsel contacted their process server regarding the alleged service upon the Third Parties, and on April 12th provided the Third Parties' counsel with work orders from the process server, executed at the time of service, that contained accurate physical descriptions of Ms. Barag and Mr. Krause. *Id.* In response, counsel for the Third Parties argued that it was "not surprising" that the process server "knows what Mr. Krause and Ms. Barag look like" because "he served them" with the first subpoena in February. ECF No. 22-1 Ex. H. He further provided defense counsel with a copy of a receipt from a restaurant in Delaware, timestamped 8:45pm March 24, 2017, that, according to the Third Parties, was evidence that they were not in Pennsylvania on the evening service was purportedly made. *Id.*

Defendants' counsel remained unconvinced, and in her email response pointed out that the process server engaged to serve Ms. Barag and Mr. Krause in March (DRG Legal) was not the same process server that delivered the subpoena in February (Guaranteed Subpoena).

Counsel further asserted that the fact that Ms. Barag and Mr. Krause "may or may not have had dinner in Delaware approximately 2.5 hours [after service was allegedly made] and then remained at their vacation home for several days is not inconsistent with the process server's statements." ECF No. 22-1 Ex. I. Finally, defense counsel pointed out that Ms. Barag and Mr. Krause live in a private, gated community, and the process server would not have been permitted entry at the security gate unless the guard had received permission from Ms. Barag or Mr. Krause.

Finally, in what appears to be the last communication in a long string of emails, on April 13, 2017, counsel for the Third Parties emailed Defendants' counsel EZ Pass records and a series of security camera photos allegedly showing activity at the Delaware home as further support for the contention that Ms. Barag and Ms. Krause were not in Pennsylvania at the time in dispute. According to the Third Parties, this evidence showed that Mr. Krause and Ms. Barag left their Blue Bell home the morning of March 24th to travel to their Delaware home and did not return to Blue Bell until March 28th.

There appears to be no responsive email from defense counsel. However on May 4, 2017, Defendants filed a motion to compel the Third Parties' compliance with the subpoenas. Defendants' motion to compel relied primarily upon the declaration of Christopher Lemerise, an employee of DRG Legal. In his declaration, Mr. Lemerise states that he personally served Mr. Krause and Ms. Barag the evening of March 24, 2017, and describes the circumstances of that alleged service.

The Third Parties opposed the motion to compel and cross-moved for sanctions. The Third Parties argued that service had not been properly effected, and most of the evidence in support of their motion was the evidence, described above, that was previously provided to

defense counsel.

After the motions were fully briefed, the Court scheduled an evidentiary hearing and ordered "all witnesses to the events underlying these motions, including both William Krause and Ellen Barag, [to] personally appear." ECF No. 25. On the date of the hearing, August 17, 2017, the subpoenas were personally served upon Ms. Barag and Mr. Krause, and the parties agreed on the dates for their depositions. The parties further agreed upon the scope of the document requests contained in the subpoenas and a date for the production of those documents. Consequently, Defendants withdrew their motion compel at the start of the hearing. Tr. 5:4-6.

The hearing proceeded on the instant motion for sanctions. Ms. Barag and Mr. Krause testified for the Third Parties. Ms. Christine Marks, Esq., and Mr. Christopher Lemerise testified for Defendants. By way of their motion, the Third Parties seek attorneys' fees and costs in the amount of $30,000, which is the amount they allege was incurred in opposing Defendants' motion to compel and in support of their cross-motion for sanctions.

## II.  ANALYSIS

The Third Parties have brought this motion under Federal Rule of Civil Procedure 37 and "the Court's inherent powers" seeking sanctions in the form of an award of attorneys' fees and costs. Under Rule 37, when a motion to compel discovery is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, the Court "must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Substantial justification requires justification "to a degree that could satisfy a reasonable person." *Bosire v. Passaic County*, No. 12-6498, 2017 WL 4532157, at *2 (D.N.J. Oct. 10, 2017) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 140, n.23 (3d Cir. 2009)). The test of substantial justification is satisfied if there is a "genuine dispute, or if reasonable people could differ as to [the appropriateness of the contested action]," *Pierce*, 487 U.S. at 565 (alteration in original, citations omitted).

At the threshold, Defendants argue that the motion fails because Rule 37(a)(5)(B) applies only to the denial of a motion to compel discovery brought pursuant to Rule 37(a)(1), and here Defendants moved to compel under Rule 45. There have, however, been instances where courts have applied Rule 37(a)(5)(B) in the context of a motion to compel compliance with a third-party subpoena under Rule 45. *See, e.g., Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.*, No. 15-191, 2015 WL 10767718, at *1 (S.D.N.Y. Oct. 6, 2015). Nevertheless, the Court need not resolve the issue of whether Rule 37(a)(5)(B) is applicable because, assuming the Rule does apply, the Court finds that sanctions are not warranted. Not only were Defendants substantially justified in filing their motion to compel, but an award of sanctions under the facts here would be unjust.

The issue at the center of Defendants' motion to compel was whether service of the subpoenas had been properly effected on the Third Parties. Defendants engaged a legal process company, DRG Legal, to effect service. Their motion to compel was supported by the declaration, made under penalty of perjury, of Christopher Lemerise, an employee of DRG Legal. Mr. Lemerise is not a party to this action and has no interest in this litigation. His declaration states that he personally served Mr. Krause and Ms. Barag at their residence in Blue Bell, Pennsylvania the evening of March 24, 2017. Mr. Lemerise describes arriving at the gated

the community where Mr. Krause and Ms. Barag live, speaking to the guard at the gate, entering the community, and personally serving these parties. The "Work Order" completed by Mr. Lemerise, which Mr. Lemerise stated was drafted contemporaneously with service of the subpoenas, contains an accurate physical description of both Mr. Krause and Ms. Barag.

The Third Parties' contention that service could not have been effected on March 24, 2017 does not render Defendants' action in bringing the motion to compel unjustified. Although Mr. Krause and Ms. Barag state that they were at their second home in Delaware at the time service was allegedly made, the evidence presented to Defendants' counsel prior to the filing of the motion to compel is not unequivocal. The photographs are vague, the security camera timestamps are admittedly incorrect, and receipts/statements, without more, did not conclusively establish the whereabouts of Mr. Krause and Ms. Barag on the date/time in question. At best, the evidence created a "genuine dispute"[2] as to whether service had been effected in the manner the process server described. *See Pierce*, 487 U.S. at 565. As such, the Court finds that there was substantial justification for Defendants to proceed with the filing of a motion to compel.

Furthermore, the Court finds that under the facts presented here, an award of sanctions would be unjust. First, the Court is troubled by the fact that counsel for the Third Parties initially engaged Defendants' counsel in "meet and confer" dialogue with respect to both the February subpoena as well as the March subpoenas with no mention of any challenge to the validity of service. As Defendants point out, during these communications defense counsel made certain inquiries/comments to which a natural and appropriate response by the Third Parties' counsel

---

[2] The motion to compel having been withdrawn as moot, the Court need not resolve the question of whether Ms. Barag and Mr. Krause were personally served by Mr. Lemerise on March 24, 2017. It is sufficient, for the purposes of this motion, that there was genuine dispute as to whether service was effected on that date.

would have included a reference to the alleged lack of service. However, it was only after Defendants refused to accept the conditions offered by the Third Parties that the alleged lack of service was first raised. This evinces a lack of good faith in the "meet and confer" negotiations.

Additionally, given the circumstances here, it appears to the Court that the battle waged by the Third Parties over whether service was effected was fought primarily as a matter of principle rather than as one of consequence. The goal in any matter before this Court is to attain a just and proper result. Disputes should not be over-litigated merely to prove a point about who is right. The present issue has consumed many hours of attorney time and a substantial amount of the parties' resources, as well as a disproportionate amount of judicial resources. Yet at no time after delivery of the March subpoenas did the Third Parties contend that they did not have effective notice of the subpoenas--indeed, the Third Parties' counsel engaged Defendants' counsel in negotiations in relation to the substance of those subpoenas. Nor was there any allegation that the purportedly improper service left the Third Parties unable to avail themselves of the procedural protections of Rule 45. There has been no allegation of any prejudice to the Third Parties whatsoever.

To be clear, a third party does not have an obligation to appear for a deposition until properly served with a valid subpoena. Consequently, to the extent that service may not have been proper,[3] the Court cannot say that the Third Parties' insistence on effective service was frivolous. However, the conduct of any party must always be guided by the overarching public interest in the prompt, efficient, and economical resolution of matters before the Court; indeed, our Rules require that the parties and the Court employ the Federal Rules in a manner to "secure

---

[3] The Court has made no determination in that regard.

the just, speedy and inexpensive determination of every action and proceeding." Fed. R. Civ. P.

1. The manner in which the Third Parties proceeded here was not in furtherance of that interest.

As such, the interests of justice require that the Third Parties bear their own costs.

## III.     CONCLUSION

For the reasons above, the Court finds that Defendants were substantially justified in

bringing their motion to compel and that an award of sanctions in this matter would be unjust.

The Third Parties' motion for sanctions is denied. An appropriate Order accompanies this

Opinion.


Dated: November 17, 2017                      _s/ Douglas E. Arpert_____
                                              **DOUGLAS E. ARPERT**
                                              **UNITED STATES MAGISTRATE JUDGE**